Maren R. Norton, WSBA No. 35435
Karin D. Jones, WSBA No. 42406
Stoel Rives LLP
600 University St., Ste. 3600
Seattle, WA 98101
Telephone: (206) 624-0900

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TELAYA, LLC, an Idaho limited liability company, and EARL E. SULLIVAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CRUZ ESTATES, LLC d/b/a CANON DE SOL WINERY, a Washington limited liability company, and VICTOR J. CRUZ and KIMBERLY CRUZ, husband and wife, and the marital community thereof,<br><br>Defendants. | No. CV-13-5075-RHW<br><br>COMPLAINT FOR DAMAGES |

Plaintiffs Telaya, LLC and Earl E. Sullivan, as their Complaint against Defendants Cruz Estates, LLC d/b/a Canon de Sol Winery, Victor J. Cruz, and Kimberly Cruz, allege as follows:

COMPLAINT FOR DAMAGES - 1

## I. PARTIES

1.1   Plaintiff Telaya, LLC ("Telaya") is an Idaho limited liability company with its principal place of business in Garden City, Ada County, Idaho. Telaya is in the business of selling high quality wines.

1.2   Plaintiff Earl E. Sullivan is an individual who resides in Hidden Springs, Ada County, Idaho. Mr. Sullivan is the manager and member of Telaya.

1.3.   Defendant Cruz Estates, LLC d/b/a Canon de Sol Winery ("Cruz Estates") is a Washington limited liability company with its principal place of business in Benton City, Benton County, Washington. Cruz Estates is in the business of producing and selling wines.

1.3   Defendants Victor J. Cruz and Kimberly Cruz are individuals, husband and wife, who, upon information and belief, reside in Kennewick, Benton County, Washington. They are the members of Cruz Estates, and Mr. Cruz is the manager of Cruz Estates. Mr. Cruz also works as the master vintner for Cruz Estates.

## II. JURISDICTION AND VENUE

COMPLAINT FOR DAMAGES - 2

74230350.4 0064997-00002

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

2.1   This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000, and because complete diversity of citizenship exists between the Parties.

2.2   Venue is proper in this Court, and this Court has personal jurisdiction over Defendants, because the events giving rise to this claim, or some parts thereof, occurred in this District; Defendants reside in this District; and Defendants transact business in this District.

### III. FACTS

3.1   On or about November 22, 2011, Mr. Cruz, in his individual capacity and in his role as manager and member of Cruz Estates (collectively, "Defendants"), entered into a contract with Plaintiffs ("the 2011 Contract"). Pursuant to the 2011 Contract, Defendants agreed to produce 2011 vintage wines for Plaintiffs ("the 2011 Vintage Wines"). In exchange, Plaintiffs agreed to pay for the 2011 Vintage Wines, reimburse Defendants for expenses related to production of the 2011 Vintage Wines, and pay Defendants a "consulting fee" of $65 per case of wine. A copy of the 2011 Contract is attached to this Complaint as **Exhibit A**.

3.2   On or about August 2, 2012, Defendants entered into a second contract with Plaintiffs ("the 2012 Contract"). Pursuant to the 2012 Contract, Defendants agreed to produce 2012 vintage wines for Plaintiffs ("the 2012 Vintage

COMPLAINT FOR DAMAGES - 3

Wines"). In exchange, Plaintiffs agreed to pay for the 2012 Vintage Wines, reimburse Defendants for expenses related to production of the 2012 Vintage Wines, and pay Defendants a "consulting fee" of $65 per case of wine. A copy of the 2012 Contract is attached to this Complaint as **Exhibit B**.

3.3 Between approximately June 2011 and May 2013, Plaintiffs paid Defendants a total of $43,134.00 for costs and consulting fees associated with the production and purchase of the 2011 Vintage Wines, excluding the costs spent on equipment such as wine barrels, and a total of $62,719.91 for costs and consulting fees associated with the production and purchase of the 2012 Vintage Wines, excluding the costs spent on equipment. Plaintiffs paid these amounts in advance of their receipt of the 2011 and 2012 Vintage Wines.

3.4 Plaintiffs relied on Defendants' expertise, as winemakers and wine merchants, to produce premium 2011 and 2012 Vintage Wines for Plaintiffs. Plaintiffs intended to resell the wines as premium products, and Defendants were aware of Plaintiffs' intention to do so.

3.5 The costs charged by Defendants to Plaintiffs for the 2011 and 2012 Vintage Wines were consistent with the premium products Plaintiffs expected to receive and were well above the amount Plaintiffs would have paid for average or sub-standard wines. Defendants represented to Plaintiffs that the 2011 and 2012

COMPLAINT FOR DAMAGES - 4

Vintage Wines would be premium products suitable for resale on the premium wine market.

3.6   In January 2013, Defendants provided samples to Plaintiffs of 2012 Viognier created by Defendants for Plaintiffs as part of the 2012 Vintage Wines. When Plaintiffs expressed concern that the Viognier was too acidic and oxidized, Defendants represented that they would make adjustments to the Viognier before bottling it, and that it would be "a nice wine." In other words, Defendants once again guaranteed that the wine would be of the premium quality for which Plaintiffs had bargained.

3.7   On or about May 22, 2013, Plaintiffs and Defendants entered into an agreement in which Defendants certified their full release to Plaintiffs of the 2011 and 2012 Vintage Wines ("the 2013 Certification"). In the 2013 Certification, Defendants represented: "This wine has been maintained according to the contracts dated August 2, 2012 and November 22, 2011." A copy of the 2013 Certification is attached to this Complaint as **Exhibit C**.

3.8   After receiving the 2011 and 2012 Vintage Wines, Plaintiffs had samples of the Wines tested by ETS Laboratories. The tests revealed the Wines were of extremely poor quality. Volatile Acidity ("VA") levels were too high, rendering the Wines sub-standard pursuant to the requirements for standard wines

COMPLAINT FOR DAMAGES - 5

74230350.4 0064997-00002

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

set forth in 27 C.F.R. § 4.21. In addition, bacteria levels in the Wines created sanitation problems. The high levels of bacteria are consistent with a failure to properly maintain the wine in an appropriate manner, including winery sanitation, topping of wine on a regulator basis, and generally maintaining the wine according to industry standards.

3.9 Plaintiffs are unable to resell the 2011 and 2012 Vintage Wines as the premium products they contracted to receive. Many of the Wines are completely unsalvageable and cannot be safely consumed or sold to third parties because of the high levels of bacteria and because the VA levels exceed the maximum federal limits. Others can only be sold as sub-standard wines or can only be sold if blended with other, higher quality wines purchased at an additional cost to Plaintiffs for that purpose. Even if Plaintiffs are able to blend the sub-standard wines with other, higher quality wines, Plaintiffs will be left with a much larger inventory than desired and will still be unable to resell the blended wines as the premium wines for which Plaintiffs bargained.

3.10 Of the seventeen barrels of 2011 Vintage Wines purchased by Plaintiffs from Defendants, only one barrel is acceptable. Plaintiffs suffered damages associated with the 2011 Vintage Wines in the amount of $40,596.71, representing amounts paid to Defendants in connection with the defective Wines.

COMPLAINT FOR DAMAGES - 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

3.11 Of the eighteen barrels of 2012 Vintage Wines purchased by Plaintiffs from Defendants, only four barrels are acceptable. Plaintiffs suffered damages associated with the 2012 Vintage Wines in the amount of $48,782.15, representing amounts paid to Defendants in connection with the defective Wines.

3.12 In addition to the above, Plaintiffs incurred damages in the amount of $3,373.10 for costs associated with testing, transporting, and storing the defective Wines after their receipt from Defendants.

3.13 After their discovery of the sub-standard and non-conforming nature of the 2011 and 2012 Vintage Wines, Mr. Sullivan left repeated voice mail, email, and text messages for Mr. Cruz in an attempt to discuss and resolve the issue. Mr. Cruz failed to respond in any manner to all manners of communication. Plaintiffs followed up with a demand letter to Defendants on July 1, 2013, informing Defendants that the Wines are unacceptable and demanding replacement products or reimbursement of costs and fees paid by Plaintiffs. Defendants failed to respond to the letter.

## IV. CLAIMS

### Count I
### Breach of Contract

4.1 Plaintiffs re-aver and incorporate by reference all previous paragraphs.

COMPLAINT FOR DAMAGES - 7

4.2   The 2011 Contract and 2012 Contract (collectively, "the Contracts") constituted enforceable contracts between Plaintiffs and Defendants. Defendants were obliged to perform their obligations owed under the Contracts.

4.3   The conduct of Defendants alleged above constitutes a breach of their obligations under the Contracts.

4.4   As a direct and proximate result of Defendants' breach of the Contracts, Plaintiffs have suffered injuries and incurred damages in the amount of $92,751.96.

## Count II
## Breach of the Implied Covenant of Good Faith and Fair Dealing

4.5   Plaintiffs re-aver and incorporate by reference all previous paragraphs.

4.6   The Contracts constituted enforceable contracts between Plaintiffs and Defendants.

4.7   A duty of good faith and fair dealing is implied into each and every contract in the State of Washington. The implied covenant of good faith and fair dealing requires that no party to a contract do anything that will injure the right of another party to receive the benefits of the contract, and that each contracting party will act in a manner that a reasonable person would regard as fair.

COMPLAINT FOR DAMAGES - 8

74230350.4 0064997-00002

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

4.8   The conduct of Defendants alleged above constitutes a breach of their implied duty of good faith and fair dealing under the Contracts.

4.9   As a direct and proximate result of Defendants' breach of their duty of good faith and fair dealing under the Contracts, Plaintiffs have suffered injuries in the amount of $92,751.96.

### Count III
### Breach of Express Warranties

4.10   Plaintiffs re-aver and incorporate by reference all previous paragraphs.

4.11   Defendants made affirmations of fact or promises to Plaintiffs related to the goods sold by Defendants to Plaintiffs; made descriptions of the goods sold by Defendants to Plaintiffs; and provided samples of the goods sold by Defendants to Plaintiffs. Those affirmations, promises, descriptions, and samples became part of the basis of the bargain between the parties and created express warranties that the goods would conform thereto.

4.12   The conduct of Defendants alleged above constitutes a breach of the express warranties made by Defendants to Plaintiffs.

4.13   As a direct and proximate result of Defendants' breach of the express warranties, Plaintiffs have suffered injuries in the amount of $92,751.96.

COMPLAINT FOR DAMAGES - 9

## Count IV
## Breach of Implied Warranty of Merchantability

4.14  Plaintiffs re-aver and incorporate by reference all previous paragraphs.

4.15  Defendants are merchants with respect to the type of goods sold by Defendants to Plaintiffs. Under such circumstances, a warranty of merchantability is implied in each and every contract for the sale of goods in the State of Washington.

4.16  The implied warranty of merchantability requires that the goods sold must be at least such as pass without objection in the trade under the contract description; in the case of fungible goods, are of fair average quality within the description; are fit for the ordinary purpose for which such goods are used; run, within the variations permitted by agreement, of even kind, quality, and quantity within each unit and among all units involved; are adequately contained, packaged, and labeled as the agreement may require; and conform to the promises or affirmations of fact made on the containers or labels.

4.17  The conduct of Defendants alleged above constitutes a breach of the implied warranty of merchantability under the Contracts.

COMPLAINT FOR DAMAGES - 10

74230350.4 0064997-00002

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

4.18  As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs have suffered injuries in the amount of $92,751.96.

### Count V
### Breach of the Implied Warranty of Fitness for a Particular Purpose

4.19  Plaintiffs re-aver and incorporate by reference all previous paragraphs.

4.20  Defendants, at the time of contracting, had reason to know the particular purpose for which the goods Defendants sold to Plaintiffs were required and that Plaintiffs were relying on Defendants' skill or judgment to select or furnish suitable goods. Thus, a warranty that the goods were fit for that particular purpose was implied in the Contracts.

4.21  The conduct of Defendants alleged above constitutes a breach of the implied warranty of fitness for a particular purpose.

4.22  As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiffs have suffered injuries in the amount of $92,751.96.

COMPLAINT FOR DAMAGES - 11

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

74230350.4 0064997-00002

## Count VI
## Violation of the Washington Consumer Protection Act

4.23 Plaintiffs re-aver and incorporate by reference all previous paragraphs.

4.24 At all times relevant to this litigation, Defendants were engaged in trade or commerce in the State of Washington.

4.25 The conduct of Defendants alleged above constitutes unfair or deceptive acts or practices in the course of trade or commerce in violation of the Washington Consumer Protection Act, RCW 19.86.020.

4.26 The conduct of Defendants alleged above impacts the public interest, because there is a likelihood that other consumers have been or will be injured by Defendants in a manner similar to Plaintiffs' injuries.

4.27 As a direct and proximate result of Defendants' unfair acts or practices in violation of the Washington Consumer Protection Act, Plaintiffs have suffered injuries in the amount of $92,751.96.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.   Judgment against Defendants in the amount of $92,751.96 and interest accrued thereon;

COMPLAINT FOR DAMAGES - 12

B. Treble damages pursuant to the Washington Consumer Protection Act, RCW 19.86.090;

C. Judgment against Defendants for all costs and attorneys' fees authorized by applicable law, including under RCW 19.86.090; and

D. For such other and further relief as the Court may deem just or equitable.

DATED this 16th day of July, 2013.

STOEL RIVES LLP


*s/Karin D. Jones*
Maren R. Norton, WSBA No. 35435
Karin D. Jones, WSBA No. 42406
600 University St., Ste. 3600
Seattle, WA 98101
Tel: (206) 624-0900
Fax: (206) 386-7500
Email: mrnorton@stoel.com
Email: kdjones@stoel.com

*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES - 13