1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                    EASTERN DISTRICT OF WASHINGTON
8   TELAYA, LLC, an Idaho limited
    liability company, and EARL E.
9   SULLIVAN, an individual,
10              Plaintiffs,                    No.  CV-13-5075-RHW
11         v.
                                              **ORDER GRANTING**
12  CRUZ ESTATES, LLC d/b/a/                  **PLAINTIFFS' MOTION FOR**
    CANON DEL SOL WINERY, a                   **ENTRY OF JUDGMENT BY**
13  Washington limited liability              **DEFAULT**
    company, and VICTOR J. CRUZ
14  and KIMBERLY CRUZ, husband
    and wife, and the marital community
15  thereof,
16              Defendants.
17
       Before the Court is Plaintiffs' Motion for Entry of Judgment by Default,
18
    ECF No. 13. The motion was heard without oral argument. Plaintiffs are
19
    represented by Karin Jones and Maren Norton. Defendants have not appeared
20
    personally or by a representative.
21
       Plaintiffs ask the Court to enter judgment by default against Defendants in
22
    the amount of $132,654.96.[1] In their complaint, Plaintiffs allege six causes of
23
    action: (1) breach of contract; (2) breach of implied covenant of good faith and
24
    fair dealing; (3) breach of express warranties; (4) breach of implied warranty of
25
    _____
26
          [1]This amount is comprised of $92,751.96 in actual damages; $25,000 in
27
    statutory damages under Wash. Rev. Code § 19.86.090; $14,267.00 in reasonable
28
    attorneys' fees; and $636.00 in taxable costs.

    **ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF**
    **JUDGMENT BY DEFAULT** ~ 1

1    merchantability; (5) breach of implied warranty of fitness for a particular purpose;

2    and (6) violation of the Washington Consumer Protection Act.

3    Under Fed. R. Civ. P. 55(b)(2), a party can move for entry of judgment by

4    default. "The district court's decision whether to enter a default judgment is a

5    discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

6    "[J]udgment by default is a drastic step appropriate only in extreme circumstances;

7    a case should, whenever possible, be decided on the merits." *Falk* v. *Allen,* 739

8    F.2d 461, 463 (9th Cir. 1984)*.* In determining whether default judgment is

9    appropriate, the court considers the following factors:

10   (1) [T]he possibility of prejudice to plaintiff, (2) the merits of
     plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
11   the sum of money at stake in the action, (5) the possibility of a
     dispute concerning the material facts, (6) whether the default was due
12   to excusable neglect, and (7) the strong policy underlying the Federal
     Rules of Civil Procedure favoring decisions on the merits.
13   *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

14   After entry of default, all well-pleaded factual allegations in the complaint

15   are taken as true, except as to the amount of damages. *Fair Housing of Marin v.*

16   *Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

17   Here, the majority of the factors suggest that the award of default judgment

18   would be appropriate. Plaintiffs would be prejudiced if they are not permitted to

19   obtain judgment by default. Defendants have not responded or participated in the

20   proceedings. Defendants failed to respond to a demand letter sent by Plaintiffs

21   prior to filing the lawsuit. Plaintiffs do not have any other avenue with which to

22   obtain relief. There is no indication in the record that the default was due to

23   excusable neglect. Given that Defendants have failed to communicate with

24   Plaintiffs even before the lawsuit was filed, it is likely Defendants are choosing to

25   not respond in hopes that the lawsuit will go away. Also, it appears that samples of

26   the wine were tested by an independent laboratory, so the possibility of a dispute

27   concerning material facts are minimized.

28   On the other hand, two of the factors support the denial of the motion. First,

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF**
**JUDGMENT BY DEFAULT** ~ 2

1   Plaintiff is seeking a significant amount of damages; and second, the strong policy
2   in favor of decisions on the merits will always support a finding that judgment by
3   default is not appropriate.

4        Finally, as set forth below, Plaintiffs have alleged facts, which taken as true,
5   establish the elements of the majority of their claims, with an exception of their
6   Consumer Protection Act claim.

7        **(1)    Breach of Contract**

8        A failure to perform a contractual duty constitutes a breach, and an injured
9   party is generally entitled to those damages necessary to put that party in the same
10  economic position it would have occupied had the breach not occurred. *TMT Bear*
11  *Creek Shopping Center, Inc. v. Petco Animal Supplies, Inc.*, 140 Wash.App. 191,
12  209 (2007). In their complaint, Plaintiffs allege facts that demonstrate that
13  Defendants failed to perform a contractual duty. Defendants promised to provide
14  quality vintage wine and failed to do so.

15       **(2)    Breach of Covenant of Good Faith and Fair Dealing**

16       An implied covenant of good faith and fair dealing is present in contracts
17  that give one party discretionary authority to determine a contract term. *Myers v.*
18  *State*, 152 Wash.App. 823, 828 (2009). This duty "obligates the parties to
19  cooperate with each other so that each may obtain the full benefit of performance."
20  *Id.*

21       "The duty of good faith and fair dealing requires only that the parties
22  perform in good faith the obligations imposed by their agreement." *United*
23  *Financial Cas. Co. v. Coleman*, 173 Wash.App. 463, 476 (2012). "The duty of
24  good faith and fair dealing does not inject substantive terms into the parties'
25  contract or create a free-floating duty of good faith unattached to the underlying
26  legal document." *Id.* The duty exists only in relation to performance of a specific
27  contract term. *Carlile v. Harbor Homes, Inc.*, 147 Wash.App. 193, 216 (2008).

28       The 2011 contract indicates that Defendant agreed to make approximately

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF**
**JUDGMENT BY DEFAULT** ~ 3

100 cases of Cabernet Sauvignon and 150 cases of a red blend. ECF No. 1-1, Ex. A.  The 2012 contract states:

> Cruz Estates will perform appropriate maintenance including topping, racking, and testing of the product from the time the fruit enters Cruz Estates possession until bottling is finished. All materials will be maintained in a clean and appropriately temperature controlled environment.

ECF No. 1-1, Ex. B.

In their Complaint, Plaintiffs allege that Defendants certified their full release to Plaintiffs of the 2011 and 2012 Vintage Wines, and represented that the wine had been maintained according to the 2012 and 2011 contracts. Plaintiffs allege the wine received by Defendants was of extremely poor quality, with levels of bacteria that "are consistent with a failure to properly maintain the wine in an appropriate manner, including winery sanitation, topping of wine on a regular basis and generally maintaining the wine according to industry standards." ECF No. 1 at ¶ 3.8.

Plaintiffs have alleged facts that support that Defendants did not act in good faith in performing a specific contract term, namely, that they would perform appropriate maintenance of the product and maintain the product in a clean and appropriately temperature-controlled environment.

**(3) Breach of Express Warranties**

Under Washington law,

> Any affirmation of fact or promise made by the seller to the buyer which relates to the good and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

Wash. Rev. Code § 62A.2-313.

The more specific a statement the more likely it is an affirmation. *Federal Signal Corp. v. Safety Factors, Inc.*, 125 Wash.2d 413, 424 (1994). Affirmations of fact or promises will generally relate to the quality of a good. *Id.* The Court should consider whether any hedging occurred, the experimental nature of the good, a buyer's actual or imputed knowledge of the true condition of the good, and

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT BY DEFAULT ~ 4**

1 the nature of the defect. *Id.*

2      In their Complaint, Plaintiffs allege that Defendants represented to Plaintiffs

3 that the 2011 and 2012 Vintage Wines would be premium products suitable for

4 resale on the premium market; and on a specific occasion, stated that the Viognier

5 wine would be a "nice wine," thereby guaranteeing that the wine would be of the

6 premium quality for which Plaintiffs had bargained.

7      Here, Defendants' representations that the 2011 and 2012 Vintage Wines

8 would be a premium product is an express warranty that the wines would, in fact,

9 be of premium quality suitable for resale on the premium market. Thus, Plaintiffs

10 have established that Defendants breached an express warranty.

11      **(4)    Breach of Implied Warranty of Merchantability**

12      A warranty that the goods are merchantable is implied in a contract for their

13 sale if the seller is a merchant with respect to goods of that kind. Wash. Rev. Code

14 § 62A.2-314.

15      Under the UCC, a merchant is

16           a person who deals in goods of the kind or otherwise by his or
17      her occupation holds himself or herself out as having knowledge or
         skill peculiar to the practices or goods involved in the transaction or
18      to whom such knowledge or skill may be attributed by his or her
         employment of an agent or broker or other intermediary who by his or
19      her occupation holds himself or herself out as having such knowledge
         or skill.
20 Wash. Rev. Code § 62A.2-104(1).

21      For purpose of section 62A.2-314, a merchant must be one who deals

22 regularly in goods of the kind involved in the transaction or otherwise have a

23 professional status such that he or she could be expected to have specialized

24 knowledge or skills peculiar to those goods. *Miller v. Badgley*, 51 Wash.App. 285,

25 291 (1988). Thus, liability for breach of implied warranty of merchantability

26 excludes those merchants who have only a general knowledge of industry

27 practices. *Id.*

28      In order for goods to be merchantable, they must at least:

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT BY DEFAULT ~ 5**

(a) pass without objection in the trade under the contract description; and
(b) in the case of fungible goods, are of fair average quality within the description; and
(c) are fit for the ordinary purposes for which such goods are used; and
(d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
(e) are adequately contained, packaged, and labeled as the agreement may require; and
(f) conform to the promises or affirmations of fact made on the container or label if any.

Wash. Rev. Code § 62A.2-314(2).

Courts generally use a reasonable standard to determine whether goods are merchantable. *Federal Signal Corp.*, 125 Wash.2d at 426. A product which conforms to the quality of other brands in the market will normally be merchantable. *Id.* Factors the Court considers when evaluating merchantability include: (1) the usage in the trade, (2) the price actually paid as compared to the standard price, (3) the characteristics of similar goods manufactured by others, and (4) government standards and regulations. *Id.*

In their Complaint, Plaintiffs allege they were unable to resell the 2011 and 2012 Vintage Wines as premium products. They indicate that many of the Wines were completely unsalvageable and could not be consumed or sold to third parties because of the high levels of bacteria and because the Volatile Acidity exceeded the maximum federal limits.

Plaintiffs have alleged facts that support a finding that Defendants were merchants under the UCC, and that the wine produced by Defendants was not merchantable.

**(5)     Breach of Implied Warranty of Fitness For a Particular Purpose**

The implied warranty of fitness for a particular use arises when a buyer makes known a particular intended use for the goods, and relies upon the seller's expertise about fitness in purchasing the goods for that purpose. Wash. Rev. Code

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT BY DEFAULT ~ 6**

1  § 62A.2-315.[2]

2     In their Complaint, Plaintiffs allege that they relied on Defendants'

3  expertise, as winemakers and wine merchants, to produce the premium 2011 and

4  2012 Vintage Wines for Plaintiffs, and that Defendants were aware of Plaintiffs'

5  intention to sell the wine as a premium product. Also, Plaintiffs paid Defendants a

6  consulting fee of $65 per case of wine. Plaintiffs have established that Defendants

7  breached an implied warranty of fitness for a particular purpose.

8        **(6)     Violation of the Consumer Protection Act**

9     To establish a claim under the Washington Consumer Protection Act, the

10  plaintiff must prove five elements: (1) an unfair or deceptive act or practice that

11  (2) occurs in trade or commerce, (3) impacts the public interest, (4) and causes

12  injury to the plaintiff in her business or property; and (5) the injury is causally

13  linked to the unfair or deceptive act. *Michael v. Mosquera-Lacy*, 165 Wash.2d

14  595, 698-699 (2009). A violation of the UCC is not a *per se* showing of public

15  interest sufficient to bring a private action under the Consumer Protection Act.

16  *Haner v. Quincy Farm Chemicals, Inc.*, 97 Wash.2d 753, 763 (1982).

17     In determining whether the claim impacts the public interest, the Court

18  considers four factors that are not necessarily dispositive, nor must they all be

19  present: (1) whether the alleged acts were committed in the course of defendant's

20  business; (2) whether the defendant advertised to the public in general; (3)

21  whether the defendant actively solicited this particular plaintiff, indicating

22  potential solicitation of others, and (4) whether the plaintiff and defendant have

23

24     [2]Where the seller at the time of contracting has reason to know any

25  particular purpose for which the goods are required and that the buyer is relying

26  on the seller's skill or judgment to select or furnish suitable goods, there is unless

27  excluded or modified under the next section an implied warranty that the goods

28  shall be fit for such purpose. Wash. Rev. Code § 62A.2-315.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT BY DEFAULT ~ 7**

unequal bargaining positions. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 790-91 (1986). "A breach of a private contract affecting no one but the parties to the contract, whether that breach be negligent or intentional, is not an act or practice affecting the public interest." *Lightfoot v. MacDonald*, 86 Wash.2d 331, 334 (1976). "[I]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *Hangman*, 105 Wash.2d at 790.

Here, Plaintiffs have not alleged facts that establish a violation of the Consumer Protection Act, nor does the record permit the Court to find that Defendants violated the Consumer Protection Act. Specifically, the record fails to demonstrate that Plaintiffs' CPA claim impacts the public interest.

**(7)    Conclusion**

Here, in balancing the factors set forth above, the Court exercises its discretion and finds that it is appropriate to award judgment in default against Defendants for Plaintiffs' claims for breach of contract; breach of the implied covenant of good faith and fair dealing; breach of express warranties; breach of implied warranty of merchantability; and breach of the implied warranty of fitness for a particular purpose.

Plaintiffs seek damages for $92,751.96 in actual damages and $636.00 in taxable costs. These amounts are supported by the record. On the other hand, Plaintiffs are not entitled to their requested statutory damages under the Washington Consumer Protection Act. Similarly, Plaintiffs are not entitled to their attorneys' fees under the CPA. Because Plaintiffs have not identified any contract provision that authorizes attorneys' fees, the Court declines to award attorneys' fees.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Plaintiffs' Motion for Entry of Judgment by Default, ECF No. 13, is

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT BY DEFAULT** ~ 8

1   **GRANTED**, in part.

2      2.  The District Court Executive is directed to enter judgment in the amount

3 of **$93,387.96** ($92,751.96 in actual damages, $636.00 in taxable costs) in favor of

4 Plaintiffs and against Defendants.

5     **IT IS SO ORDERED**. The District Court Executive is hereby directed to

6 enter this Order, furnish copies to counsel and Defendants, and **close** the file.

7     **DATED** this 15th day of November, 2013.

8

9               *s/Robert H. Whaley*

10             ROBERT H. WHALEY
           United States District Judge

11

12

13 Q:\RHW\aCIVIL\2013\Telaya\default.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF
JUDGMENT BY DEFAULT ~ 9**