Case 2:13-cv-05075-RHW    Document 39    Filed 10/21/15

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 21, 2015

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TELAYA, LLC, an Idaho limited liability company; EARL SULLIVAN<br><br>    Plaintiffs,<br><br>v.<br><br>CRUZ ESTATES, LLC d/b/a/ CANON DE SOL WINERY, a Washington limited liability company; VICTOR & KIMBERLY CRUZ, husband and wife,<br><br>    Defendants. | No. CV-13-5075-RHW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO FRCP 60(b)** |

Before the Court is Defendants' Motion to Vacate Default Judgment Pursuant to Fed. R. Civ. P. 60(b). ECF No. 18. Plaintiffs are represented by attorneys Karin D. Jones and Maren R. Norton. Defendants are represented by attorney Roger W. Bailey. This Motion was decided without oral argument.

## BACKGROUND

On November 15, 2013, this Court issued an order granting Plaintiffs' Motion for Default judgment. ECF No. 16. A judgment in favor of Plaintiffs was entered the same day. ECF No. 17. On November 7, 2014, Defendants filed a Motion to Vacate Default Judgment Pursuant to Fed. R. Civ. P. 60(b). ECF No. 18. After the Court granted various stipulated extensions of the deadline to file the

**ORDER DENYING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO FRCP 60(b) ~ 1**

response and reply briefs, Defendants filed for bankruptcy. ECF No. 25. Thereafter, the Court entered an order staying the case and directing the parties to file a joint status report by October 22, 2015, or, if sooner, notify the Court that the bankruptcy proceedings had concluded. ECF No. 26. On May 14, 2015, Plaintiffs unilaterally notified the Court that Defendants' bankruptcy case had been dismissed. ECF No. 29. Plaintiffs then moved the Court to enter an order striking Defendants' Motion to Vacate the Default Judgment based on Defendants' failure to participate in the filing of the joint status report. ECF No. 27. Defendant responded in opposition on May 27, 2015. ECF No. 30. On July 15, 2015, the Court entered an Order directing Defendants to show cause as to why the Plaintiffs' Motion to Strike should not be granted. ECF No. 32. Both parties responded to the Show Cause Order and shortly thereafter the Court entered an order denying Plaintiffs' Motion to Strike and set a new briefing schedule on Defendants' Motion to Vacate. ECF Nos. 33, 34, and 35. On August 28, 2015, Plaintiffs responded in opposition to the Motion to Vacate and five days later Defendants filed their reply memorandum in support of the Motion. ECF Nos. 36 and 38. After careful consideration of the record as a whole, the pleadings filed in support of the Motion to Vacate, and the pleadings filed in opposition to the Motion to Vacate, the Court hereby **DENIES** Defendants' Motion to Vacate for the reasons set forth below.

## DISCUSSION

Fed. R. Civ. P. 60(b) provides that a Court may relieve a party from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**ORDER DENYING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO FRCP 60(b) ~ 2**

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Defendants move this Court to vacate the default judgment under Fed. R. Civ. P. 60(b)(1). ECF No. 18 at 5. A court may set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect" after considering the following factors:

(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default;

(2) whether it had no meritorious defense; or

(3) whether reopening the default judgment would prejudice the other party.

*United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (citing *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard … is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091. Courts often refer to these factors as the "*Falk* factors" because they were first articulated in *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).

**1. Culpable Conduct**

In order for a defendant's conduct to be deemed culpable under the first *Falk* factor, he or she must have received "actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (quoting

**ORDER DENYING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO FRCP 60(b) ~ 3**

q:\rhw\acivil\2013\telaya\ord.deny.motion.to.vacate.final.docx

*TCI Grp. Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696–97 (9th Cir. 2001), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner,* 532 U.S. 141, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001) (emphasis in original)). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional' under [Ninth Circuit] default cases." *Id.* Instead, a finding of intentional failure will exist only where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 699.

Defendant Victor Cruz submitted a declaration stating that he did not understand the legal process and that is why he failed to respond to the lawsuit. ECF No. 19 at ¶ 14.

> At some point in the summer of 2013, I recall being served with paperwork by Telaya, LLC. I understood at the time that it was a lawsuit but I am not a lawyer and didn't understand that some action on my part was necessary. I thought that I would be contacted at some point to deal with the issues raised in the paperwork. Mr. Sullivan called me around this time and indicated that he despite the lawsuit that he wanted to work something out. I believed that I didn't need to respond to the lawsuit.

*Id.* Plaintiffs argue that Defendants were experienced with the legal process and filed a declaration attaching numerous other lawsuits where these same Defendants were represented by an attorney. *See* ECF Nos. 37-1-12. In other words, Plaintiffs assert that Defendants had actual notice of the filing of the action against them and thus, are culpable with regards to their failure to answer. *Id.* at 8.

Here, the Court finds that the conduct of Defendants was culpable and did not constitute excusable neglect. It is undisputed that Defendants were properly served with a summons stating:

**ORDER DENYING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO FRCP 60(b) ~ 4**

> A lawsuit has been filed against you.
>
> Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
>
> If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

ECF No. 2. To a certain extent, the declaration of Victor Cruz stating that he did not understand the legal process provides an explanation for initially failing to answer and that could be a basis to find the failure to answer was unintentional. However, the Court finds that Defendants' conduct was culpable based on two factors that outweigh Mr. Cruz's explanation. First, Defendants had substantial experience with the legal system prior to the filing of this action. *See* ECF Nos. 37-1 through 37-12. As the declaration attaching public records points out, Defendants have been involved in at least 12 lawsuits since 2011 and were represented by counsel in several of those actions. *Id*. Defendants' prior experience with the legal system is a significant factor weighing against their position that the failure to answer was not intentional. *See TCI Grp.*, 244 F.3d 691, 699 n.6 ("[W]e have tended to consider the defaulting party's general familiarity with legal processes or consultation with lawyers at the time of the default as pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful or in bad faith."). Secondly, even if the Court found that Defendants' ignorance of the initial summons was excusable, there is no explanation in the record for Defendants' repeated failure to answer after receiving additional notice that Plaintiffs were moving for default. On September 4, 2013,

**ORDER DENYING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO FRCP 60(b) ~ 5**

approximately two weeks before Plaintiffs moved for default, their counsel sent a letter and an e-mail to Defendants notifying them of their intention to move for default. ECF Nos. 8-6 and 8-7. The letter and e-mail read in part:

> This letter is to provide you with notice of Telaya, LLC's intention to move for entry of a default order with respect to Telaya's claims filed against you….

*Id.* If there was any misunderstanding as to whether Defendants needed to take some sort of action, this letter should have alleviated any doubts. As noted above, there is no evidence in the record indicating that Defendants did not understand what default was or that they did not receive this additional communication.

While a party's legal sophistication or lack thereof is not determinative of the issue of culpability, "it is fair to expect that individuals who have previously been involved in litigation or have consulted with a lawyer appreciate the consequences of failing to answer and do so only if they see some advantage to themselves." *TCI Grp.*, 244 F.3d 691, 699 n.6. Based on Defendants' prior experience with the legal system, the initial summons, and the follow-up letter from Plaintiffs prior to moving for default, the Court finds that Defendants' conduct was culpable because they received actual notice of the filing of the action and intentionally failed to answer. There is no reasonable interpretation of the record indicating that Defendants' failure to respond was not deliberate, particularly in light of the additional notice they received stating that Plaintiffs were moving for default.

### 2. The Other Factors

The Court need not go on to consider the other factors in detail because they do not outweigh Defendants' culpable conduct in this matter. *See Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (explaining that a "district court [is] free to deny [relief] if any of the three factors [is] true" and stating that "a finding of culpability on the part of a defaulting defendant is

**ORDER DENYING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO FRCP 60(b) ~ 6**

q:\rhw\acivil\2013\telaya\ord.deny.motion.to.vacate.final.docx

sufficient to justify the district court's exercise of its discretion to deny relief from a default judgment") (alterations in original and citations and internal quotation marks omitted)).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Vacate Default Judgment Pursuant to Fed. R. Civ. P. 60(b). **ECF No. 18**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 21st day of October, 2015.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING DEFENDANTS' MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO FRCP 60(b) ~ 7**

q:\rhw\acivil\2013\telaya\ord.deny.motion.to.vacate.final.docx